**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Inventergy, Inc. <br><br> Plaintiff, <br><br> v. <br><br> GENBAND Inc., <br><br> Defendant. | Civil Action No. 6:14-cv-612 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Inventergy, Inc., by its attorneys, files its Complaint For Patent Infringement against Defendant GENBAND Inc., alleging as follows:

**I.   THE PARTIES**

1. Plaintiff Inventergy, Inc. ("Inventergy" or "Plaintiff") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Campbell, California.

2. Upon information and belief, GENBAND Inc. ("GENBAND" or "Defendant"), is a corporation incorporated under the laws of Delaware, with a principal place of business in Frisco, Texas.

**II.   JURISDICTION AND VENUE**

3. This is an action for infringement of United States patents that the Court has exclusive jurisdiction under Title 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant is subject to personal jurisdiction by this Court because Defendant is registered to do business in Texas and has its principal place of

business within the Eastern District of Texas.

5. Defendant has committed such purposeful acts and/or transactions in the Eastern District of Texas that it reasonably knew and/or expected that it could be hailed into the Court for the Eastern District of Texas as a future consequence of such activity.

6. Upon information and belief, Defendant is conducting business in the Eastern District of Texas, makes, uses, or sells infringing products within the Eastern District of Texas, or has a continuing presence and the requisite minimum contacts with the Eastern District of Texas such that this is a fair and reasonable venue.

7. Upon information and belief, Defendant has transacted and, at the time of the filing of this Complaint, is continuing to transact business within the Eastern District of Texas, including filing a complaint and litigating its own patent dispute within the Eastern District of Texas.

8. For all of these reasons, personal jurisdiction exists as to Defendant and venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d) and 28 U.S.C. § 1400(b).

## III.  BACKGROUND

9. Inventergy specializes in effectively protecting a company's intellectual property, allowing the company to continue its primary goal, creating new technology.

10. Inventergy's management team is highly experienced in the field of intellectual property creation, protection, licensing, and defense, and is dedicated to applying their business model with fairness and integrity.

11. Inventergy is led by Joe Beyers, the former head of IP and global strategy at Hewlett-Packard with decades of experience in intellectual property, including years identifying, acquiring, and licensing patented technologies for fair value.

12. Inventergy's business model focuses on cultivating strategic relationships with key

developers of core technologies who have not yet been fairly compensated for their important contributions. Inventergy identifies, acquires, and licenses portfolios from those developers to help them recoup at least some of their investment, allowing them to reinvest into new technology.

13. The Patents-In-Suit derive from two global telecommunications companies, both of whom are market and industry leaders in the field of Internet Protocol ("IP") Multimedia Core Network Subsystems ("IMS") and of Voice-Over-Internet-Protocol ("VOIP") technologies.

14. The IMS and VOIP technologies are deployed in more than one hundred countries and are used by most of the world's largest telecommunications operators and are related and/or complimentary to numerous industry standards.

15. Inventergy acquired the Patents-In-Suit and now holds all rights, title and interest in the Patents-In-Suit.

16. Upon information and belief, Defendant makes and sells equipment required to provide IMS and/or VOIP-related services, including session border controllers ("SBCs"), access gateways, converged gateways, and application servers, which benefited from the research and development efforts of the original developers of the patented technology.

17. On its website, Defendant boasts that it is a global leader in smart networking solutions, is ranked number 1 of the top 50 venture backed companies, and accounts for 26% of revenue in the service provider SBC market segment.

18. Upon information and belief, for 2013, Defendant had in excess of three hundred million dollars in revenue from its sales of products that practice the Patents-In-Suit. Defendant would not have achieved these accomplishments without the use of Inventergy's patents.

19. On seven different occasions and beginning in August 2013, Inventergy attempted to initiate

discussions with Defendant to offer a license to the IMS and VOIP portfolio.

20. Through the course of Inventergy's communications to Defendant, Inventergy provided information about its IMS and VOIP portfolio and relevant Defendant products and offered to discuss reasonable license terms.

21. Despite Inventergy's diligent efforts to achieve an amicable and reasonable resolution of the matter with Defendant, Defendant established itself as an unwilling licensee, flatly rejecting Inventergy's attempt to license its patents to Defendant, necessitating this Complaint.

## IV. PATENTS-IN-SUIT

22. On November 16, 2010, United States Patent No. 7,835,352 ("the '352 patent") was duly and legally issued for "A METHOD, SYSTEM AND EQUIPMENT FOR PROCESSING SIP REQUESTS IN IMS NETWORK." A true and correct copy of the '352 patent is attached hereto as **Exhibit A** and made a part hereof. Defendant was aware of the '352 patent at least by February 10, 2014.

23. On December 18, 2012, United States Patent No. 8,335,487 ("the '487 patent") was duly and legally issued for "METHOD FOR AUTHENTICATING USER TERMINAL IN IP MULTIMEDIA SUB-SYSTEM." A true and correct copy of the '487 patent is attached hereto as **Exhibit B** and made a part hereof. Defendant was aware of the '487 patent at least by February 10, 2014.

24. On October 5, 2004, United States Patent No. 6,801,542 ("the '542 patent") was duly and legally issued for "METHOD AND APPARATUS FOR PROVIDING AN INTERWORKING UNIT BETWEEN ATM NETWORKS AND IP NETWORKS." A true and correct copy of the '542 patent is attached hereto as **Exhibit C** and made a part hereof. Defendant was aware of the '542 patent at least by July 14, 2014.

25. On April 12, 2011, United States Patent No. 7,925,762 ("the '762 patent") was duly and legally issued for "ROAMING SUPPORT METHOD AND SYSTEMS IN UMTS." A true and correct copy of the '762 patent is attached hereto as **Exhibit D** and made a part hereof. Defendant was aware of the '762 patent at least by July 14, 2014.

26. On June 7, 2005, United States Patent No. 6,904,035 ("the '035 patent") was duly and legally issued for "MOBILE SYSTEM, TERMINAL AND INTERFACE, AS WELL AS METHODS FOR PROVIDING BACKWARD COMPATIBILITY TO FIRST AND SECOND GENERATION MOBILE SYSTEMS." A true and correct copy of the '035 patent is attached hereto as **Exhibit E** and made a part hereof. Defendant was aware of the '035 patent at least by July 14, 2014.

## V.  COUNT I

### (Infringement of United States Patent No. 7,835,352)

27. Inventergy incorporates paragraphs 1-26 herein by reference.

28. On May 15, 2013, Inventergy acquired through written assignment all right, title, and interest to the '352 patent.

29. Inventergy is the owner of the '352 patent with the exclusive right to enforce the '352 patent against infringers, and collect damages for all the relevant times, including the right to prosecute this action.

30. Upon information and belief, Defendant GENBAND Inc. manufactures, makes, has made, uses, practices, imports, provides supplies, distributes, sells, and/or offers for sale products and/or systems that infringe one or more claims of the '352 patent; and/or Defendant induces and/or contributes to the infringement of one or more of the claims in the '352 patent by others.

31. Defendant infringes one or more of the claims of the '352 patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale hardware and/or software that utilizes IMS and/or VOIP technology covered by one or more of the claims of the '352 patent, including, but not limited to, Defendant's CONTiNUUM Call Session Controllers and Quantix Session Border Controllers and EXPERiUS Application Servers.

32. Defendant manufactures products in the IMS and/or VOIP field, such as, but not limited to, their CONTiNUUM Call Session Controllers and Quantix Session Border Controllers and EXPERiUS Application Servers, and sells them around the world, including the United States.

33. These products in the IMS and/or VOIP field, such as, but not limited to, Defendant's Session Border Controllers and application servers, use functionality invented by the original inventors of the '352 patent, and enable telecommunications operators to offer high-level services to subscribers and enable enterprises to integrate their VOIP systems with the public telecommunications system.

34. Upon information and belief, Defendant makes hundreds of millions of dollars in annual revenue selling products that utilize the IMS and/or VOIP features of the '352 patent, without license to the underlying technology now owned by Inventergy.

35. The Defendant's infringement of the '352 patent in this Complaint has been willful.

## VI. COUNT II
### (Infringement of United States Patent No. 8,335,487)

36. Inventergy incorporates paragraphs 1-35 herein by reference.

37. On May 15, 2013, Inventergy acquired through written assignment all right, title, and

interest to the '487 patent.

38. Inventergy is the owner of the '487 patent with the exclusive right to enforce the '487 patent against infringers, and collect damages for all the relevant times, including the right to prosecute this action.

39. Upon information and belief, Defendant GENBAND Inc. manufactures, makes, has made, uses, practices, imports, provides supplies, distributes, sells, and/or offers for sale products and/or systems that infringe one or more claims of the '487 patent; and/or Defendant induces and/or contributes to the infringement of one or more of the claims in the '487 patent by others.

40. Defendant infringes one or more of the claims of the '487 patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale hardware and/or software that utilizes IMS and/or VOIP technology covered by one or more of the Patents-In-Suit, including, but not limited to, Defendant's CONTiNUUM Call Session Controllers and Quantix Session Border Controllers and EXPERiUS Application Servers.

41. Defendant manufactures products in the IMS and/or VOIP field, such as, but not limited to, their CONTiNUUM Call Session Controllers and Quantix Session Border Controllers, and sells them around the world, including the United States.

42. These products in the IMS and/or VOIP field, such as, but not limited to, Defendant's Session Border Controllers and Call Session Controllers, use functionality invented by the original inventors of the '487 patent, and enable telecommunications operators to offer high-level services to subscribers and enable enterprises to integrate their VOIP systems with the public telecommunications system.

43. Upon information and belief, Defendant makes hundreds of millions of dollars in annual revenue selling products that utilize the IMS and/or VOIP features of the claims of the '487 patent, without license to the underlying technology now owned by Inventergy.

44. The Defendant's infringement of the claims of the '487 patent in this Complaint has been willful.

## VII.    COUNT III

### (Infringement of United States Patent No. 6,801,542)

45. Inventergy incorporates paragraphs 1-44 herein by reference.

46. On June 9, 2014, Inventergy acquired through written assignment all right, title, and interest to the '542 patent.

47. Inventergy is the owner of the '542 patent with the exclusive right to enforce the '542 patent against infringers, and collect damages for all the relevant times, including the right to prosecute this action.

48. Upon information and belief, Defendant GENBAND Inc. manufactures, makes, has made, uses, practices, imports, provides supplies, distributes, sells, and/or offers for sale products and/or systems that infringe one or more claims of the '542 patent; and/or Defendant induces and/or contributes to the infringement of one or more of the claims in the '542 patent by others.

49. Defendant infringes one or more of the claims of the '542 patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale hardware and/or software that utilizes IMS and/or VOIP technology covered by one or more of the claims of the '542 patent, including, but not limited to, Defendant's CONTiNUUM Call Session Controllers and Media Gateways.

50. Defendant manufactures products in the IMS and/or VOIP field, such as, but not limited to, their CONTiNUUM Call Session Controllers and Media Gateways, and sells them around the world, including the United States.

51. These products in the IMS and/or VOIP field, such as, but not limited to, Defendant's Call Session Controllers and Media Gateways, use functionality invented by the original inventors of the '542 patent, and enable telecommunications operators to offer high-level services to subscribers and enable enterprises to integrate their VOIP systems with the public telecommunications system.

52. Upon information and belief, Defendant makes hundreds of millions of dollars in annual revenue selling products that utilize the IMS and/or VOIP features of the claims of the '542 patent, without license to the underlying technology now owned by Inventergy.

53. The Defendant's infringement of the Patents-In-Suit in this Complaint has been willful.

## VIII.    COUNT IV
### (Infringement of United States Patent No. 7,925,762)

54. Inventergy incorporates paragraphs 1-53 herein by reference.

55. On June 9, 2014, Inventergy acquired through written assignment all right, title, and interest to the '762 patent.

56. Inventergy is the owner of the '762 patent with the exclusive right to enforce the '762 patent against infringers, and collect damages for all the relevant times, including the right to prosecute this action.

57. Upon information and belief, Defendant GENBAND Inc. manufactures, makes, has made, uses, practices, imports, provides supplies, distributes, sells, and/or offers for sale products and/or systems that infringe one or more claims of the '762 patent; and/or Defendant

induces and/or contributes to the infringement of one or more of the claims in the '762 patent by others.

58. Defendant infringes one or more of the claims of the '762 patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale hardware and/or software that utilizes IMS and/or VOIP technology covered by one or more of the claims of the '762 patent, including, but not limited to, Defendant's CONTiNUUM Call Session Controllers and Quantix Session Border Controllers.

59. Defendant manufactures products in the IMS and/or VOIP field, such as, but not limited to, their CONTiNUUM Call Session Controllers and Quantix Session Border Controllers, and sells them around the world, including the United States.

60. These products in the IMS and/or VOIP field, such as, but not limited to, Defendant's Session Border Controllers and Call Session Controllers, use functionality invented by the original inventors of the '762 patent, and enable telecommunications operators to offer high-level services to subscribers and enable enterprises to integrate their VOIP systems with the public telecommunications system.

61. Upon information and belief, Defendant makes hundreds of millions of dollars in annual revenue selling products that utilize the IMS and/or VOIP features of the Patents-In-Suit, without license to the underlying technology now owned by Inventergy.

62. The Defendant's infringement of the '762 patent in this Complaint has been willful.

### IX. <u>COUNT V</u>
### <u>(Infringement of United States Patent No. 6,904,035)</u>

63. Inventergy incorporates paragraphs 1-62 herein by reference.

64. On June 9, 2014, Inventergy acquired through written assignment all right, title, and interest

to the '035 patent.

65. Inventergy is the owner of the '035 patent with the exclusive right to enforce the '035 patent against infringers, and collect damages for all the relevant times, including the right to prosecute this action.

66. Upon information and belief, Defendant GENBAND Inc. manufactures, makes, has made, uses, practices, imports, provides supplies, distributes, sells, and/or offers for sale products and/or systems that infringe one or more claims of the '035 patent; and/or Defendant induces and/or contributes to the infringement of one or more of the claims in the '035 patent by others.

67. Defendant infringes one or more of the claims of the '035 patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale hardware and/or software that utilizes IMS and/or VOIP technology covered by one or more of the claims of the '035 patent, including, but not limited to, Defendant's CONTiNUUM Call Session Controllers and Media Gateways.

68. Defendant manufactures products in the IMS and/or VOIP field, such as, but not limited to, their CONTiNUUM Call Session Controllers and Media Gateways, and sells them around the world, including the United States.

69. These products in the IMS and/or VOIP field, such as, but not limited to, Defendant's Call Session Controllers and Media Gateways, use functionality invented by the original inventors of the '035 patent, and enable telecommunications operators to offer high-level services to subscribers and enable enterprises to integrate their VOIP systems with the public telecommunications system.

70. Upon information and belief, Defendant makes hundreds of millions of dollars in annual

revenue selling products that utilize the IMS and/or VOIP features of the '035 patent, without license to the underlying technology now owned by Inventergy.

71. The Defendant's infringement of the '035 patent in this Complaint has been willful.

## X. JURY DEMAND

72. Inventergy hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## XI. PRAYER FOR RELIEF

WHEREFORE, Inventergy prays that the Court find in its favor and against Defendants, and that the Court grant Inventergy the following relief:

    a. Judgment that one or more claims of the Patents-In-Suit have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

    b. Judgment that the Defendant account for and pay to Inventergy all damages to and costs incurred by Inventergy because of Defendant's infringing activities and other conduct complained of herein;

    c. Inventergy requests an award of post judgment royalty of not less than a reasonable royalty to compensate for future infringement;

    d. That Inventergy be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's infringing activities and other conduct complained of herein;

    e. That this Court declare this an exceptional case and award Inventergy its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

    f. That Inventergy be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED this 14th day of July 2014.   */s/William R. Towns*
William R. Towns, Texas Bar No. 20158200
bill.towns@novakdruce.com
Monica Moussighi, Texas Bar No.24074767
Monica.moussighi@novakdruce.com
NOVAK DRUCE CONNOLLY BOVE +
QUIGG LLP
1000 Louisiana Street
Fifty-Third Floor
Houston, TX 77002
Tel: (713) 571-3400
Fax: (713) 456-2836
Email: bill.towns@novakdruce.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Attorneys for Plaintiff Inventergy, Inc.*

/s/ Eric H. Findlay
Eric H. Findlay, Texas Bar No. 00789886
efindlay@findlaycraft.com
Brian Craft, Texas Bar No. 04972020
bcraft@findlaycraft.com
Findlay Craft PC
102 N College Avenue
Suite 900
Tyler, TX 75702
903/534-1100
Fax: 903/534-1137
Email: efindlay@findlaycraft.com

*ATTORNEY TO BE NOTICED*
*Attorneys for Plaintiff Inventergy, Inc.*