**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| Inventergy, Inc. | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 6:14-cv-00612 (RWS) |
| | § | |
| GENBAND Inc., et al. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants,** | § | |
| | § | |
| GENBAND US LLC, | § | |
| | § | |
| **Counterclaim Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| Inventergy, Inc. | § | |
| | § | |
| **Counterclaim Defendant.** | § | |

**GENBAND'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF INVENTERGY,
INC.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant GENBAND US LLC ("GENBAND") files this Answer and Counterclaims to

Plaintiff Inventergy, Inc.'s ("Plaintiff") First Amended Complaint for Patent Infringement

("Complaint"). *See* Dkt. No. 21.

GENBAND denies all allegations of Plaintiff's Complaint that are not specifically

admitted below.  The parties have stipulated to the dismissal of GENBAND Inc., GENBAND

Management Services Corp. ("GENBAND MSC") and GENBAND HOLDINGS Company

("GENBAND HC").  Therefore, it is unnecessary to respond to allegations about or directed to

GENBAND Inc., GENBAND MSC, or GENBAND HC; and GENBAND will not do so.

## I.  THE PARTIES

1.      GENBAND admits the allegations of Paragraph 1.

2.      No response to these allegations is necessary in light of the stipulation of dismissal of GENBAND Inc.

3.      GENBAND admits that it is a Delaware limited liability company, with its principal place of business in Frisco, Texas.

4.      No response to these allegations is necessary in light of the stipulation of dismissal of GENBAND MSC.

5.      No response to these allegations is necessary in light of the stipulation of dismissal of GENBAND HC.

## II.  JURISDICTION AND VENUE

6.      GENBAND admits that the Complaint purports to state claims under the patent laws of the United States, but denies that the claims have any merit.  GENBAND will not challenge subject matter jurisdiction for the claims in the Complaint.

7.      GENBAND admits the allegations of Paragraph 7 as to GENBAND.  GENBAND will not challenge personal jurisdiction for these claims.

8.      GENBAND denies the allegations of Paragraph 8 as to GENBAND.

9.      GENBAND denies that it directly or through subsidiaries or intermediaries, makes, uses, offers for sale, or sells infringing products within the Eastern District of Texas. GENBAND admits the remaining allegations of Paragraph 9 as to GENBAND.

10.      GENBAND admits the allegations of Paragraph 10 as to GENBAND.

11.      GENBAND will not challenge venue or personal jurisdiction for the Complaint.

### III.  BACKGROUND

12.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 12.

13.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 13.

14.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 14.

15.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 15.

16.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 16.

17.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 17.

18.     GENBAND lacks knowledge or information sufficient to form a belief about the allegations of Paragraph 18.

19.     GENBAND denies the allegations of Paragraph 19 as to GENBAND.

20.     GENBAND admits that one or more customers of GENBAND purchase equipment from GENBAND to provide IMS and/or VOIP-related services, including SBCs, access gateways, converged gateways, and application servers.  GENBAND lacks knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 20.

21.     GENBAND denies the allegations of Paragraph 21 as to GENBAND.

22.     GENBAND denies the allegations of Paragraph 22 as to GENBAND.

23.     GENBAND denies the allegations of Paragraph 23 as to GENBAND.

24.     GENBAND denies the allegations of Paragraph 24 as to GENBAND.

25.     GENBAND denies the allegations of Paragraph 25 as to GENBAND.

26.     GENBAND denies the allegations of Paragraph 26 as to GENBAND.

27.     GENBAND denies the allegations of Paragraph 27 as to GENBAND.

## IV. PATENTS-IN-SUIT

28.     GENBAND admits that United States Patent No. 7,835,352 (the "'352 Patent") bears an issue date of November 16, 2010, and is entitled "METHOD, SYSTEM AND EQUIPMENT FOR PROCESSING SIP REQUESTS IN IMS NETWORK," and that Plaintiff appears to have attached a copy of the '352 Patent to its Complaint as Exhibit A.  GENBAND lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 28.

29.     GENBAND  admits that United States Patent No. 8,335,487 (the "'487 Patent") bears an issue date of December 18, 2012, and is entitled "METHOD FOR AUTHENTICATING USER TERMINAL IN IP MULTIMEDIA SUB-SYSTEM," and that Plaintiff appears to have attached a copy of the '487 Patent to its Complaint as Exhibit B. GENBAND lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 29.

30.     GENBAND admits that United States Patent No. 6,801,542 (the "'542 Patent") bears an issue date of October 5, 2004 and is entitled "METHOD AND APPARATUS FOR PROVIDING AN INTERWORKING UNIT BETWEEN ATM NETWORKS AND IP NETWORKS," and that Plaintiff appears to have attached a copy of the '542 Patent to its Complaint as Exhibit C.  GENBAND further admits that it was aware of the '542 patent by July

14, 2014.  GENBAND lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 30

31.     GENBAND admits that United States Patent No. 7,925,762 (the "'762 Patent") bears an issue date of April 12, 2011, and is entitled "ROAMING SUPPORT METHOD AND SYSTEMS IN UMTS," and that Plaintiff appears to have attached a copy of the '762 Patent to its Complaint as Exhibit D.  GENBAND further admits that it was aware of the '762 Patent by July 14, 2014.  GENBAND lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 31.

32.     GENBAND admits that United States Patent No. 6,904,035 (the "'035 Patent") bears an issue date of June 7, 2005 and is entitled "MOBILE SYSTEM, TERMINAL AND INTERFACE, AS WELL AS METHODS FOR PROVIDING BACKWARD COMPATIBILITY TO FIRST AND SECOND GENERATION MOBILE SYSTEMS," and that Plaintiff appears to have attached a copy of the '035 Patent to its Complaint as Exhibit E.  GENBAND further admits that it was aware of the '035 Patent by July 14, 2014.  GENBAND lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 32.

### COUNT I
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,835,352)

33.     GENBAND incorporates by reference the preceding paragraphs as if fully set forth herein.

34.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34.

35.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35.

36.     GENBAND denies the allegations of Paragraph 36 as to GENBAND.

37.     GENBAND denies the allegations of Paragraph 37 as to GENBAND.

38.     GENBAND admits the allegations of Paragraph 38 as to GENBAND.

39.     GENBAND denies the allegations of Paragraph 39 as to GENBAND.

40.     GENBAND admits that one or more customers of GENBAND purchase, use or operate GENBAND's C20 Call Session Controller and EXPERiUS application server. GENBAND denies that it intended to induce its customers to infringe the '352 Patent, and/or knew that it had induced acts that constitute infringement of the '352 Patent.  GENBAND lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 40.

41.     GENBAND denies the allegations of Paragraph 41 as to GENBAND.

**COUNT II**
**(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,335,487)**

42.     GENBAND incorporates by reference the preceding Paragraphs as if fully set forth herein.

43.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 43.

44.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44.

45.     GENBAND denies the allegations of Paragraph 45 as to GENBAND.

46.     GENBAND denies the allegations of Paragraph 46 as to GENBAND.

47.     GENBAND admits the allegations of Paragraph 47 as to GENBAND.

48.     GENBAND denies the allegations of Paragraph 48 as to GENBAND.

49.     GENBAND admits that one or more customers of GENBAND purchase, use or operate GENBAND'S EXPERiUS Application Server, C3 Call Session Controller, C15 Call Session Controller, C20 Call Session Controller, QUANTiX Q10 Session Border Controller, QUANTiX Q20 Session Border Controller, and QUANTiX Q21 Session Border Controller. GENBAND denies that it intended to induce its customers to infringe the '487 Patent, and/or knew that it had induced acts that constitute infringement of the '487 Patent.  GENBAND lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 49.

50.     GENBAND denies the allegations of Paragraph 50 as to GENBAND.

### COUNT III
### (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,801,542)

51.     GENBAND incorporates by reference the preceding Paragraphs as if fully set forth herein.

52.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52.

53.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53.

54.     GENBAND denies the allegations of Paragraph 54 as to GENBAND.

55.     GENBAND denies the allegations of Paragraph 55 as to GENBAND.

56.     GENBAND admits the allegations of Paragraph 56 as to GENBAND.

57.     GENBAND denies the allegations of Paragraph 57 as to GENBAND.

58.     GENBAND admits that one or more customers of GENBAND purchase, use or operate GENBAND's C3 Call Session Controller, C15 Call Session Controller, C20 Call Session Controller, G2 Compact Gateway, G5 Line Access Gateway, G6 Universal Gateway, and G9

Converged Gateway.  GENBAND denies that it intended to induce its customers to infringe the '542 Patent, and/or knew that it had induced acts that constitute infringement of the '542 Patent. GENBAND lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 58.

59.     GENBAND denies the allegations of Paragraph 59 as to GENBAND.

**COUNT IV**
**(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,925,762)**

60.     GENBAND incorporates by reference the preceding Paragraphs as if fully set forth herein.

61.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 61.

62.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62.

63.     GENBAND denies the allegations of Paragraph 63 as to GENBAND.

64.     GENBAND denies the allegations of Paragraph 64 as to GENBAND.

65.     GENBAND admits the allegations of Paragraph 65 as to GENBAND.

66.     GENBAND denies the allegations of Paragraph 66 as to GENBAND.

67.     GENBAND admits that one or more customers of GENBAND purchase, use or operate GENBAND's EXPERiUS Application Server, C3 Call Session Controller, C15 Call Session Controller, C20 Call Session Controller, QUANTiX Q10 Session Border Controller, QUANTiX Q20 Session Border Controller and QUANTiX Q21 Session Border Controller. GENBAND denies that it intended to induce its customers to infringe the '762 Patent, and/or knew that it had induced acts that constitute infringement of the '762 Patent.  GENBAND lacks

knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 67.

68.     GENBAND denies the allegations of Paragraph 68 as to GENBAND.

## COUNT V
## (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,904,035)

69.     GENBAND incorporates by reference the preceding Paragraphs as if fully set forth herein.

70.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70.

71.     GENBAND lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 71.

72.     GENBAND denies the allegations of Paragraph 72 as to GENBAND.

73.     GENBAND denies the allegations of Paragraph 73 as to GENBAND.

74.     GENBAND admits the allegations of Paragraph 74 as to GENBAND.

75.     GENBAND denies the allegations of Paragraph 75 as to GENBAND.

76.     GENBAND admits that one or more customers of GENBAND purchase, use or operate GENBAND's C3 Call Session Controller, C15 Call Session Controller, C20 Call Session Controller, QUANTiX Q10 Session Border Controller, QUANTiX Q20 Session Border Controller, and QUANTiX Q21 Session Border Controller.  GENBAND denies that it intended to induce its customers to infringe the '035 patent, and/or knew that it had induced acts that constitute infringement of the '035 patent.   GENBAND lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 76.

77.     GENBAND denies the allegations of Paragraph 77 as to GENBAND.

## JURY DEMAND

78.     GENBAND admits that Plaintiff requests a trial by jury pursuant to Rule 38 of the

Federal Rules of Civil Procedure.

## PLAINTIFF'S PRAYER FOR RELIEF

GENBAND denies that Plaintiff is entitled to any of the relief requested in the section of

the Complaint entitled Prayer for Relief or to any relief in any form whatsoever from

GENBAND.  Plaintiff's Prayer should, therefore, be denied in its entirety and with prejudice as

to GENBAND, and Plaintiff should take nothing from GENBAND.

## DEFENSES

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be

granted.

2.     GENBAND has not infringed and does not infringe any valid claim of the '352

Patent, the '487 Patent, the '542 Patent, the '762 Patent, or the '035 Patent (collectively, the

"Asserted Patents") directly, indirectly (such as, contributorily or by inducement), literally, by

the doctrine of equivalents, or willfully.

3.     To the extent that Plaintiff asserts that GENBAND directly or indirectly infringes,

either by contributory infringement or inducement of infringement, GENBAND cannot be liable

to Plaintiff for any acts performed before any knowledge that those alleged actions infringed a

valid and enforceable claim of the Asserted Patents (which GENBAND denies).

4.     The claims of the Asserted Patents are invalid for failure to satisfy the conditions

for patentability set forth in Part II of Title 35 of the United States Code, including, but not

limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, acquiescence, and/or equitable estoppel.

7.      Plaintiff's claims for relief are barred, in whole or in part, by 35 U.S.C. §§ 286 and/or 287.

8.      Plaintiff is not entitled to injunctive relief as, at a minimum, it has no irreparable injury and it has an adequate remedy at law for GENBAND's alleged infringement.

9.      Plaintiff's claims for relief are barred at least in part by 28 U.S.C. § 1498.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, GENBAND asserts the following Counterclaims against Inventergy.

## PARTIES

1.      GENBAND is a Delaware limited liability company with its principal place of business in this Judicial District at 2801 Network Boulevard, Suite 300, Frisco, TX 75034.

2.      Inventergy is a corporation organized under the laws of the state of Delaware with a principal place of business located at 900 E. Hamilton, Suite 180, Campbell, California 95008.

## JURISDICTION AND VENUE

3.      This is an action for a declaration that the claims of United States Patent Nos. 7,835,352 (the "'352 Patent"); 8,335,487 (the "'487 Patent"); 6,801,542 (the "'542 Patent"); 7,925,762 (the "'762 Patent"); and 6,904,035 (the "'035 Patent")  (collectively, the "Asserted Patents") are invalid and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.  Accordingly, this Court has subject matter jurisdiction under the Federal

Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

4.      An actual, substantial, and continuing justiciable controversy exists between GENBAND and Inventergy with respect to which GENBAND requires a declaration of its rights by this Court.  Specifically, the controversy relates to the invalidity and non-infringement of the Asserted Patents and to Inventergy's right to threaten and/or maintain a suit against GENBAND for infringement of the Asserted Patents.

5.      This Court has jurisdiction over Plaintiff because it brought its suit alleging patent infringement in this Court

6.      Venue is proper in the Eastern District of Texas pursuant 28 U.S.C. § 1391(c).

**COUNT I**
**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF THE '352 PATENT**

7.      GENBAND realleges and incorporates by reference the foregoing allegations as though fully set forth here.

8.      GENBAND has not infringed and does not infringe any valid claim of the '352 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), or under the doctrine of equivalents.

9.      There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and GENBAND as to whether GENBAND has infringed or infringes any valid claim of the '352 Patent.

10.     GENBAND requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and

declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT II
## DECLARATORY JUDGMENT
## OF INVALIDITY OF THE '352 PATENT

11.    GENBAND realleges and incorporates by reference the foregoing allegations as though fully set forth here.

12.    The '352 Patent is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 101, 102, 103, and/or 112.

13.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and GENBAND as to whether there exists any valid asserted claim of the '352 Patent.

14.    GENBAND requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

## COUNT III
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '487 PATENT

15.    GENBAND realleges and incorporates by reference the foregoing allegations as though fully set forth here.

16.    GENBAND has not infringed and does not infringe any valid claim of the '487 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), or under the doctrine of equivalents.

17.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and GENBAND as to whether GENBAND has infringed or infringes any valid claim of the '487 Patent.

18.     GENBAND requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**COUNT IV**
**DECLARATORY JUDGMENT**
**OF INVALIDITY OF THE '487 PATENT**

19.     GENBAND realleges and incorporates by reference the foregoing allegations as though fully set forth here.

20.     The '487 Patent is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 101, 102, 103, and/or 112.

21.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and GENBAND as to whether there exists any valid asserted claim of the '487 Patent.

22.     GENBAND requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

**COUNT V**
**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF THE '542 PATENT**

23.     GENBAND realleges and incorporates by reference the foregoing allegations as though fully set forth here.

24.     GENBAND has not infringed and does not infringe any valid claim of the '542 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), or under the doctrine of equivalents.

25.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and GENBAND as to whether GENBAND has infringed or infringes any valid claim of the '542 Patent.

26.     GENBAND requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**COUNT VI**
**DECLARATORY JUDGMENT**
**OF INVALIDITY OF THE '542 PATENT**

27.     GENBAND realleges and incorporates by reference the foregoing allegations as though fully set forth here.

28.     The '542 Patent is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 101, 102, 103, and/or 112.

29.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and GENBAND as to whether there exists any valid asserted claim of the '542 Patent.

30.    GENBAND requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

**COUNT VII**
**DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF THE '762 PATENT**

31.    GENBAND realleges and incorporates by reference the foregoing allegations as though fully set forth here.

32.    GENBAND has not infringed and does not infringe any valid claim of the '762 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), or under the doctrine of equivalents.

33.    There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and GENBAND as to whether GENBAND has infringed or infringes any valid claim of the '762 Patent.

34.    GENBAND requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT VIII
## DECLARATORY JUDGMENT
## OF INVALIDITY OF THE '762 PATENT

35.     GENBAND realleges and incorporates by reference the foregoing allegations as though fully set forth here.

36.     The '762 Patent is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 101, 102, 103, and/or 112.

37.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and GENBAND as to whether there exists any valid asserted claim of the '762 Patent.

38.     GENBAND requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above.  Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

## COUNT IX
## DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '035 PATENT

39.     GENBAND realleges and incorporates by reference the foregoing allegations as though fully set forth here.

40.     GENBAND has not infringed and does not infringe any valid claim of the '035 Patent literally, directly, willfully, indirectly (such as contributorily or by way of inducement), or under the doctrine of equivalents.

41.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and GENBAND as to whether GENBAND has infringed or infringes any valid claim of the '035 Patent.

42.     GENBAND requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

**COUNT X**
**DECLARATORY JUDGMENT**
**OF INVALIDITY OF THE '035 PATENT**

43.     GENBAND realleges and incorporates by reference the foregoing allegations as though fully set forth here.

44.     The '035 Patent is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 101, 102, 103, and/or 112.

45.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Plaintiff and GENBAND as to whether there exists any valid asserted claim of the '035 Patent.

46.     GENBAND requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited above. Such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties in this regard.

## ATTORNEYS' FEES

47.     This action qualifies as an exceptional case, supporting an award of reasonable attorneys' fees, costs, and expenses for GENBAND against Inventergy pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

GENBAND requests that this Court:

(a)     Dismiss the Complaint with prejudice;

(b)     Hold that Plaintiff is not entitled to any relief, whether in law or equity or otherwise, from its suit against GENBAND;

(c)     Enter judgment that GENBAND has not infringed and does not infringe any valid claim of the Asserted Patents literally, directly, contributorily, by way of inducement, or under the doctrine of equivalents;

(d)     Enter judgment that claims of the Asserted Patents are invalid pursuant to Title 35 of the United States Code;

(e)     Permanently enjoin Plaintiff, its successors and assigns, and anyone acting in concert therewith or on its behalf, from attempting to enforce the Asserted Patents against GENBAND or any parents, affiliates, or subsidiaries of GENBAND or any of its respective officers, agents, employees, successors, and assigns;

(i)     Enter a judgment against Inventergy in favor of GENBAND in all respects;

(j)     Find this case exceptional and award GENBAND its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

(k)     Award GENBAND any other relief, in law and in equity, to which the Court finds GENBAND is justly entitled.

## **GENBAND'S JURY DEMAND**

GENBAND demands a trial by jury of all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated:  March 30, 2015

Respectfully submitted,

By: /s/ Douglas M. Kubehl
Douglas M. Kubehl
 Texas State Bar No. 00796909
 E-mail:  doug.kubehl@bakerbotts.com
Chad C. Walters
 Texas State Bar No. 24034730
 E-Mail: chad.walters@bakerbotts.com
**BAKER BOTTS L.L.P.**
2001 Ross Avenue
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile:  (214) 953-6503

**Attorneys for Defendant and Counterclaim
Plaintiff GENBAND US LLC**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this March 30, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail and first class mail on this same date, and the newly added Counterdefendant will be served in accordance with all applicable rules.

/s/ Douglas M. Kubehl
Douglas M. Kubehl